J.S23036/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLENN R. MILLER, | : | |
| | : | |
| Appellant | : | |
| | : | No. 2867 EDA 2015 |

Appeal from the PCRA Order August 25, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-1003861-1978

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MARCH 22, 2016**

Appellant, Glenn R. Miller, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his Post Conviction Relief Act[1] ("PCRA") petition based upon untimeliness and denying his petition for writ of *habeas corpus*.[2] Appellant contends the court committed reversible error in denying him access to his written sentencing order dated

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note that Appellant filed a petition for writ of mandamus, which the PCRA court treated as a petition for writ of *habeas corpus*. **See infra.**

July 24, 1979. He avers in his PCRA petition that it was timely filed pursuant to **Missouri v. Frye**, 132 S. Ct. 1399 (2012).[3] We affirm.

The PCRA court set forth the procedural posture of this case as follows:

> On February 26, 1979, [Appellant] was convicted of First degree Murder following a jury trial presided over by the Honorable Bernard J. Goodheart. After post-trial motions were denied, [Appellant] was sentenced to the mandatory term of life imprisonment. [Appellant] appealed to the Supreme Court of Pennsylvania, which denied relief on May 25, 1982.
>
> On January 11, 1983, [Appellant] filed a *pro se* [PCHA] petition . . . . Counsel was appointed, and after review [Appellant's] PCHA petition was denied without a hearing on March 23, 1984. [Appellant] appealed and the Superior Court affirmed the dismissal on February 18, 1986. The Supreme Court denied *allocatur* on April 17, 1990.
>
> On December 5, 1996, [Appellant] filed a *pro se* petition under the PCRA. After review, it was dismissed on March 20, 1997. The Superior Court affirmed the dismissal on November 9, 1998. The Supreme Court denied *allocatur* on March 16, 1999.
>
> On May 15, 2012, [Appellant] filed the instant PCRA petition, his third. . . .

PCRA Ct. Op., 10/16/15, at 1-2.

On July 14, 2014, Appellant filed a Petition for Writ of Mandamus seeking a copy of his written sentencing order dated July 24, 1979. Pet.

---

[3] In his *pro se* brief, Appellant does not address the timeliness of his PCRA petition. He summarily avers, in his statement of the case, that he filed a PCRA petition raising the **Lafler**/**Frye** claim. **See** Appellant's Brief at VI. We note further that in his PCRA petition, Appellant does not refer to **Lafler v. Cooper**, 132 S. Ct. 1376 (2012).

Writ Mandamus, 7/14/14, at 2. The PCRA court treated the petition for writ of mandamus as a petition for writ of *habeas corpus*. The PCRA court dismissed the PCRA petition as untimely and denied the petition for writ of *habeas corpus*. This timely appeal followed. Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises the following issue for our review: "Did the Honorable Jeffrey P. Minehart, Judge, commit reversible error in denying Appellant access to a copy of his written judicial order of sentence as rendered by trial court Judge Bernard J. Goodheart dated July 24, 1979?" Appellant's Brief at V. In his PCRA petition, Appellant claims that the petition was timely under the PCRA's "newly recognized constitutional right" exception in 42 Pa.C.S. § 9545(b)(1)(iii), following the decision of the United States Supreme Court in *Frye.* PCRA Pet., 5/15/12, at 8-9 (unpaginated).

This Court has stated:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.
>
> *     *     *
>
> The PCRA time limitations, and exceptions thereto, are set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). That section states:
>
> **(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

To invoke one of these exceptions, the petitioner must plead it and satisfy the burden of proof. Additionally, any exception must be raised within sixty days of the date that the claim could have been presented. 42 Pa.C.S.A § 9545(b)(2). Our Supreme Court "has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions."

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-75 (Pa. Super. 2013) (some citations omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in . . . Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant filed the instant serial PCRA petition on April 18, 2012, and thus, it is patently untimely.[4]  **See** 42 Pa.C.S. § 9545(b)(1).  Therefore, we determine whether, as averred by Appellant, any timeliness exception applies in this case.  The PCRA court concluded that the decisions of the United States Supreme Court in **Lafler** and **Frye** did not create a new constitutional right to overcome the time-bar.  **See** PCRA Ct. Op. at 3.  The **Feliciano** Court considered this precise issue as follows:

> [T]he **Frye** Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  **Id.** at 1408.  In determining whether counsel has satisfied this obligation, the two-part test set forth in **Strickland** applies.  **See id.** at 1409.  In **Lafler**, the Court explained that to meet the prejudice prong of the **Strickland** test where the alleged ineffectiveness of counsel involves the defendant's rejection of a plea offer, the defendant must show,

---

[4] We note that

> [t]he 1995 amendments to the Act, which adopted the time-bar, also provide that if the judgment of sentence became final before the January 16, 1996 effective date of the amendments, a PCRA petition will be considered timely if it is filed within one year of that date, or by January 16, 1997.  But this grace period only applies to first post-conviction petitions filed as of right, not serial petitions.  As this Court explained in **Commonwealth v. Fahy**, [737 A.2d 214 (Pa. 1999),] "where the judgment becomes final on or before the [PCRA's 1995] amendments' effective date, a petition will be deemed timely if the petitioner's **first** petition is filed within one year of the effective date of the amendments."  [**Id.** at 218 (emphasis in original)].

**Commonwealth v. Lesko**, 15 A.3d 345, 361 (Pa. 2011).

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.
>
> *Lafler*, 132 S. Ct. at 1385.
>
> **It is apparent that neither *Frye* nor *Lafler* created a new constitutional right**.  Instead, these decisions simply applied the Sixth Amendment right to counsel, and the ***Strickland*** test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment.

*Feliciano*, 69 A.3d at 1276-77 (emphasis added and footnotes omitted).

As *Frye* did not create a new constitutional right, Appellant's claim that this decision provided a time-bar exception under Section 9545(b)(1)(iii) is meritless.  **See id.** at 1277.  We find that this issue has been settled by our decision in *Feliciano*, and thus detect no basis upon which to conclude that the PCRA court erred in dismissing the instant petition as untimely.

Lastly, we consider whether the PCRA court erred in denying Appellant's Petition for Writ of Mandamus.  Appellant contends because the Department of Corrections ("DOC") did not have a copy of his sentencing order, the court erred in denying his petition.  Appellant's Brief at 2.  He

avers the court erred in denying his writ "seeking the [c]ourt to compel the Clerk of Court . . . to provide him with a copy of his written judicial order of sentence, as rendered by the Honorable Bernard J. Goodheart, Judge of July 24, 1979." ***Id.***

The PCRA court treated Appellant's petition for writ of mandamus as a petition for writ of habeas corpus. PCRA Ct. Op. at 4. In ***Joseph v. Glunt***, 96 A.3d 365 (Pa. Super. 2014), *appeal denied*, 101 A.3d 787 (Pa. 2014), this Court opined:

> Initially, we note that the Pennsylvania Supreme Court, albeit in a *per curiam* opinion, has held that a claim that a defendant's sentence is illegal due to the inability of the DOC to produce a written sentencing order related to [his] judgment of sentence constitutes a claim legitimately sounding in *habeas corpus*. Accordingly, we will treat [the appellant's] submission as a petition for a writ of *habeas corpus* instead of a petition under the PCRA, which typically governs collateral claims implicating the legality of sentence.

> Our standard of review in this context is axiomatic:

>> The ancient writ of *habeas corpus* is inherited from the common law, referred to by Sir William Blackstone as the most celebrated writ in the English law. The writ lies to secure the immediate release of one who has been detained unlawfully, in violation of due process. [T]raditionally, the writ has functioned only to test the legality of the petitioner's detention.

> Under Pennsylvania statute, *habeas corpus* is a civil remedy [that] lies solely for commitments under criminal process. *Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available. Our standard of review of a trial court's order denying a

- 7 -

petition for [a] writ of *habeas corpus* is limited to [an] abuse of discretion.

*Id.* at 368-69 (quotation marks and citations omitted).

In *Glunt*, this Court found that even if there was "no sentencing order in the possession of the DOC or the trial court" the fact that the criminal docket confirmed the appellant's sentence was sufficient. *Id.* at 371. The *Glun*t Court discerned no abuse of discretion where

> [t]he trial court properly reviewed the record and discovered a valid sentencing order contained therein. Moreover, the trial court correctly concluded that, even in the absence of a written sentencing order, the DOC had continuing authority to detain [the appellant].

*Id.* at 372.

In the instant case, the PCRA court opined: "A review of the record confirmed that [Appellant] was properly sentenced on July 24, 1979, and [Appellant] failed to prove how the missing documentation established that he is being held under an illegal sentence." PCRA Ct. Op. at 4. We agree no relief is due.

Appellant's claim that there was no sentencing order is belied by the record. In the case at bar, the docket reveals Judge Goodheart's handwritten sentencing order. A copy of the docket is attached to Appellant's brief. *See* Appellant's Brief at App. 6f. We discern no abuse of discretion by the PCRA court in denying his petition for writ of *habeas corpus*. *See Glunt*, 96 A.3d at 371-72.

Thus, we affirm the PCRA court's order dismissing the PCRA petition as untimely and denying his petition for writ of *habeas corpus*. **See Glunt**, 96 A.3d at 371-72; **Feliciano**, 69 A.3d at 1276-77.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2016